UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL LOCAL 36 PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:08-CV-534 (CEJ) |
| ADVANCED MIDWEST HEATING AND COOLING, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for an order of accounting, following entry of default against defendants Advanced Midwest Heating and Cooling, Inc., and Advanced Midwest Enterprises, Inc.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are several employee benefit plans, their trustees (collectively, the plans), and the Local 36 Sheet Metal Workers International Association, AFL-CIO (the union). They seek an order compelling defendants to submit to an audit for the period of December 1, 2007, to the present.

Plaintiffs initially filed suit against defendant Advanced Midwest Heating and Cooling ("Advanced Heating") only. According to the affidavit of Buffi Gass, an administrative manager for the plans, defendant Advanced Heating failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement entered into in August 2006.

Advanced Heating was served with the summons and complaint on April 27, 2008, and did not file an answer or otherwise appear in this matter. The Clerk of Court entered default against defendant Advanced Heating on June 5, 2008.

Plaintiffs filed an amended complaint on July 22, 2008, repeating the claims against Advanced Heating and adding a claim for relief against defendant Advanced Midwest Enterprises ("Advanced Enterprises"). Plaintiffs allege that Advanced Enterprises is simply a continuation of Advanced Heating designed to avoid the obligations under the Collective Bargaining Agreement. Plaintiffs seek an order making Advanced Enterprises liable for Advanced Heating's delinquent contributions. Advanced Enterprises was served[1] with the summons and amended complaint on October 22, 2008, and did not file an answer or otherwise appear in this matter. The Clerk of Court entered default on the amended complaint against defendant Advanced Midwest on December 3, 2008.

Plaintiffs have moved, pursuant to Rule 55(b)(2), Fed. R. Civ. P., for an order compelling defendants to submit to an audit for the purposes of determining the amount of delinquent contributions. Plaintiffs have established that defendant Advanced Heating is bound by the terms of a collective bargaining agreement with the union. The collective bargaining agreement requires that defendant

---

[1]Advanced Heating was not served with a copy of the amended complaint. However, because the amended complaint did not assert any new claims against Advanced Heating, service of the amended complaint upon Advanced Heating was not required. See Fed. R. Civ. P. 5(a)(2).

submit contributions to the funds and authorizes plaintiffs to examine the financial records to ascertain whether the required contributions were made. The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

Further, by failing to respond to the amended complaint, defendant Advanced Enterprises has admitted that it is an alter ego of Advanced Midwest established to avoid the consequences of the collective bargaining agreement. Thus, Advanced Enterprises is bound by the collective bargaining agreement and is liable to the same extent as Advanced Midwest for all damages resulting from the delinquent contributions. See Iowa Exp. Distribution, Inc. v. N.L.R.B., 739 F.2d 1305, 1311 (8th Cir. 1984)(noting that, when an alter ego finding has been made, the "non-signatory enterprise will be held bound to the collective bargaining agreement entered into by the signatory enterprise."); Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1056 (8th Cir. 1997)(identifying factors used in determination of whether an alter ego relationship exists).

Plaintiffs have presented evidence of attorney's fees in the amount of $4,074.00 and costs in the amount of $553.41. These amounts will be included in the Court's judgment, which will be entered upon the Court's receipt of the results of the audit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [#19] is **granted.**

**IT IS FURTHER ORDERED** that defendants Advanced Midwest Heating and Cooling, Inc., and Advanced Midwest Enterprises, Inc., shall, not later than **March 27, 2009**, produce for inspection by plaintiffs, or plaintiffs' designated accountant, all payroll registers and other documents reflecting or pertaining to all hours worked by, and wages paid to, defendants' employees from December 1, 2007 to the present.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2009.